IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVON THACKER,

                Plaintiff,

v.

JOLINDA WATERMAN, DR. BURTON COX,
DR. MURPHY, J. LABELLE, SANDRA
MCARDLE, and DR. BURKE,

                Defendants.

OPINION AND ORDER

17-cv-624-wmc

---

*Pro se* plaintiff Devon Thacker, an inmate at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit on claims that defendants, all WSPF employees, violated his rights under the Eighth Amendment and Wisconsin law by denying him medical care for an arm injury and also committed medical malpractice under state law. Thacker has two motions under advisement: (1) a motion for clarification (dkt. 40), which I am granting, and (2) a motion for assistance recruiting counsel (dkt. 27), which I am denying without prejudice.

**I.    Motion for Clarification (dkt. 40)**

Thacker asks the court to acknowledge that he has not withdrawn his Motion for Appointment of Counsel (dkt. 27), and that this filing is being considered by the court. He explains that when he initially submitted the motion requesting appointment of counsel, he mistakenly did not indicate that he had served all defendants (*see* dkt. 23), and so he submitted a replacement motion (dkt. 27). When he submitted other supplemental materials, Thacker claims that WSPF staff "misconstrued" his submissions, in particular

expressing concern that WSPF employee Catharine Broadbent mistitled one of his filings. He adds that Broadbent also has refused to provide him copies of all Notices of Electronic Filing in this lawsuit.

I will grant this motion, but only to clarify that the court has taken document 27 and its related submissions under advisement. I will rule on that motion below. However, I want to make clear that there is no indication that Broadbent has been mishandling Thacker's filings. Clerical staff here at the court labeled Thacker's filings for purposes of the electronic docket. They did this to clarify that Thacker no longer wanted the court to consider the motion appearing in the docket as document 23. Broadbent had nothing to do with this.

As for Thacker's complaints about not receiving the notices from Broadbent, Thacker is free to request an updated copy of the docket from the clerk's office at the court. I will direct the clerk of court to include an updated copy of the docket of this case along with this order with this caution: the Clerk of Court might be willing to provide copies of filings and the docket to *pro se* litigants every now and then, but not all the time. Thacker should not expect the court to keep his records for him on an ongoing basis.

II. **Motion for Appointment of Counsel**

This court does not "appoint" *pro bono* attorneys for litigants in Thacker's circumstances because the court lacks the authority to do so. Indeed, a *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). A district court has discretion to assist pro se litigants in finding a lawyer to

represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who asks for assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

As a starting point, a plaintiff must make a reasonable effort to find a lawyer on his own that was unsuccessful (or he was prevented from even making such an effort). *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, a plaintiff must submit letters from at least three lawyers whom he asked to represent him in this case and who turned him down. Thacker has submitted letters from four attorneys declining to represent him *pro bono*, so he has satisfied this first requirement.

Next, the court considers whether the legal and factual difficulties of the lawsuit exceed the plaintiff's ability to litigate it. Up to this point, Thacker's filings demonstrate that he is not in over his head. I say up to this point, but this case has only just begun.

The court has only recently granted Thacker leave to proceed, defendants filed their answer on May 14, 2019, and this matter has not been set for a preliminary pretrial conference. Even so, earlier today, Thacker filed a typed motion under Rule 12(f) to strike affirmative defenses, *see* dkt. 42, which demonstrates Thacker's above-average understanding of and facility for civil litigation.

I am not persuaded by Thacker's argument that he needs a lawyer because he will need to seek and obtain medical records and expert testimony. Nearly all pro se litigants in this court are untrained in the law and many of them raise claims about their medical care. There is no categorical rule that all prisoners challenging the adequacy of their

medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). The law governing Thacker's claims is well established and was explained to him in the screening order. At this point, it is not clear whether this case will turn on questions requiring medical expertise. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence"). Indeed, the screening order acknowledged that certain facts related to each defendant's involvement will need to be fleshed out to determine their culpability. Accordingly, I am not persuaded that recruitment of counsel is necessary due to the nature of his claims alone.

Next, and as already noted, Thacker advocates well for himself. His filings in this lawsuit suggest that he is capable of litigating this case without the help of an attorney, at least at this stage. While Thacker explains the limitations imposed by his fibromyalgia, including memory and thinking problems, his filings are readable and reflect a clear understanding of the relevant legal standards. Indeed, Thacker has shown that he can communicate clearly with the court, and that he's diligently keeping track of how this case is proceeding. This suggests that Thacker will be able to communicate effectively with defense counsel to engage in discovery.

Finally, at the soon-to-be-scheduled telephonic preliminary pretrial conference, I will explain the logistics of how this case will proceed, after which I will issue a written

4

order that provides extensive additional information about how a pro se plaintiff should litigate a civil lawsuit in this court.

Accordingly, I am denying Thacker's motion at this time, without prejudice. Thacker may renew his motion later in this case if he believes that the legal and factual difficulty of this case have exceeded his ability to litigate it alone.

ORDER

IT IS ORDERED that:

1) Plaintiff Devon Thacker's motion for assistance in recruiting counsel (dkt. 27) is DENIED without prejudice.

2) Plaintiff's motion for clarification (dkt. 40) is GRANTED as provided above.

3) Just this once, the clerk of court is directed to send Thacker an updated copy of the docket sheet at no cost to Thacker.

Entered this 23rd day of May, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge