IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVON THACKER,

                 Plaintiff,

v.

JOLINDA WATERMAN, DR. BURTON COX,
DR. MURPHY, J. LABELLE, SANDRA
MCARDLE, and DR. BURKE,

                 Defendants.

OPINION AND ORDER

17-cv-624-wmc

---

*Pro se* plaintiff Devon Thacker is an inmate at the Wisconsin Secure Program Facility ("WSPF") and has been granted leave to proceed in this lawsuit on claims that certain WSPF employees violated his rights under the Eighth Amendment and Wisconsin law by denying him proper medical care for an arm injury. (Dkt. #18.) Defendants Sandra McArdle and Dr. Burke have since filed a motion for summary judgment for failure to exhaust administrative remedies with respect to Thacker's claims against them in particular. (Dkt. ##61, 66.) Additionally, Thacker has five motions under advisement: three motions to strike certain defendants' affirmative defenses (dkt. ##39, 42, 55); a motion for sanctions (dkt. #85); and a motion for assistance in recruiting counsel (dkt. #56). For the reasons that follow, the court is denying all pending motions.

I. **Exhaustion of Administrative Remedies (dkt. ##61, 66)**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." Generally, a prisoner also must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time, [as] the [institution's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement"). If a prisoner fails to exhaust administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Under the regulations applicable in 2016, prisoners were required to start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint could "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner ("ICE") rejected a grievance for procedural reasons without addressing the merits, an inmate could appeal the rejection. *Id.* § 310.11(6). If the complaint was not rejected, the institution examiner

was to make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then to be decided by the appropriate reviewing authority, whose decision could be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13.

Prisoners were required to appeal a reviewing authority's decision within "10 calendar days." Wis. Admin. Code § DOC 310.13(1). The corrections examiner then made a recommendation to the Secretary of the Department of Corrections, who took final action. *Id.* §§ 310.13, 310.14. "Upon good cause, the CCE may accept for review an appeal filed later than 10 days after receipt of the decision." *Id.* § 310.13(2).

Here, defendants McArdle and Burke concede Thacker submitted an inmate complaint (WSPF-2016-12190) challenging how WSPF staff had been responding to his need for medical care for an arm injury. Specifically, Thacker complained that he was denied surgery because he was being released within a year, and also complained that WSPF physicians Burton, Cox, Burke and Syed, and the Health Services Unit Manger Waterman prolonged his medical treatment for his torn biceps. (*See* dkt. #64-1, at 13.)

That complaint was received by WSPF on June 14, 2016, and on June 28, 2016. Subsequently, Inmate Complaint Examiner ("ICE") Ellen Ray recommended that his complaint be dismissed, writing that she had interviewed HSU Manager Waterman, who reported that his treatment had not been prolonged. Ray also noted that Thacker had been seen by medical providers and had an orthopedic consult, as well as received pain medication, a shoulder immobilizer, and ice. Waterman further reported that: (1) Thacker had been confrontational and refused to be evaluated for his MRI or engage with his

3

treating physicians, but he did eventually undergo an MRI on February 9, 2016; *and* (2) Thacker had a follow-up with an orthopedic provider on April 21, 2016. Finally, Waterman reported that Thacker had other appointments to reevaluate surgical intervention, but McArdle informed him that he was too close to release for surgical intervention. (Ex. A (dkt. #64-1) 2-3.) For these reasons, Ray recommended dismissal of Thacker's complaint. On July 5, 2016, the reviewing authority accepted Ray's recommendation and dismissed WSPF-2016-12190.

Thacker claims he then submitted his appeal from that dismissal on or around July 13, 2016, but on July 15, 2016, he received a letter from the Corrections Complaint Examiner ("CCE"), which advised that Thacker's submission from July 13 was not accepted because no complaint number was listed on the form. (Dkt. #72-1.) Thacker was further directed "to provide to the CCE office a complaint number to identify" the appeal submission. (*Id.*) Thacker claims he received that letter on July 18, 2016, and he resubmitted his appeal on or about July 22, 2016.

The CCE's office date-stamped Thacker's re-submitted appeal as received on July 25, 2016. (Ex. A (dkt. #64-1) 52.) While Thacker's appeal recounted his injury and efforts to obtain treatment for his injury, he did not include any details about how CCE's office had returned his complaint to him for correction, nor did he explain why it took him multiple days to resubmit his appeal. On September 26, 2016, the CCE recommended that Thacker's appeal be dismissed as untimely. Specifically, the CCE noted that the appeal was received beyond the timeframe set forth in Wis. Admin. § DOC 310.13(1), and was untimely even taking into account the prison mailbox rule. (*Id.* at 7.) On October 10,

2016, the Office of the Secretary accepted that recommendation and dismissed the appeal. (*Id.* at 8.)

Accordingly, defendants McArdle and Burke both seek summary judgment on the groundsthat Thacker's appeal of WSPF-2016-12190 was untimely and not supported by good cause, meaning he did not and cannot satisfy all of the requirements to exhaust his claims against them. Plaintiff Thacker argues in opposition that his appeal *was* timely, citing Wis. Admin. Code § DOC 310.10(5). Under this code section, inmate complaint examiners *may* return an inmate complaint to an inmate if the inmate fails to satisfy certain requirements. Moreover, if the complaint examiner returns an inmate complaint, the inmate "shall be given one opportunity to correct and resubmit [the] returned complaint," and the inmate complaint examiner "shall grant 10 days for receipt of the corrected complaint." *Id.* As Thacker sees it, this policy should have given him ten days from July 18, 2016, to resubmit his complaint, since he received the "CCE Return Letter" rejecting his appeal on July 18, 2016.

There are two problems with Thacker's argument. First, § DOC 310.10(5) went into effect on April 1, 2018, while the policies in force when Thacker was pursuing his appeal of WSPF-2016-12190 in 2016 did *not* afford prisoners an additional ten days to re-file an inmate complaint that had been returned to them. Second, even if § DOC 310.10(5) *had* been in effect in 2016, that code section explicitly addresses how prisoners may correct inmate complaints that have been returned, rather than the CCE's review of inmate complaints on appeal.

5

As noted above, a different code provision addresses the CCE's review of an inmate complaint on appeal: Wisconsin Administrative Code § DOC 310.13. As also noted above, that policy also provides that the CCE may "[u]pon good cause, accept for review an appeal filed later than 10 calendar days after receipt of the decision." § DOC 310.13. That section does not, however, afford prisoners a guaranteed extension of time to submit their appeal to the CCE if returned for lack of information. *See id.*

Still, defendants are not entitled to judgment in their favor because the Wisconsin procedures and CCE Return Letter were not sufficiently clear as to how Thacker should have proceeded. *See Vazquez v. Hilbert*, No. 07-cv-723, 2008 WL 2224394, at *4 (W.D. Wis. May 28, 2008) ("[W]hen prison officials fail to 'clearly identif[y]' the proper route for exhaustion, they cannot later fault the prisoner for failing to predict the correct choice.") (quoting *Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005); *see also Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal inappropriate when prisoner failed to complete grievance process due to prison officials' misinformation).

To start, it is not apparent that Thacker failed to comply with the procedures prisoners must follow in appealing a dismissed inmate complaint. In particular, § DOC 310.13(1) does not expressly require prisoners to include their complaint number when they submit an appeal. The code does direct prisoners to use the "forms supplied for that purpose," but does *not* state that the CCE may return the appeal to the prisoner if the form is not properly filled out. *See id.* Nor is it clear on this record why Thacker's July 13, 2016, appeal was not accepted.

Furthermore, the July 15, 2016, CCE Return Letter failed to explain the exact state of Thacker's appeal upon return, much less what he had to do to get his appeal back on track. In particular, while the letter noted that his submission was "not accepted," it also asked Thacker to provide the CCE's office a complaint number, so that the office could inform him of the status of his appeal. (Dkt. #72-1.) The letter also failed to mention the 10-day deadline or impose a new deadline by which Thacker had to submit a complaint number.

Accordingly, defendants Burke and McArdle have failed to prove their timeliness defense, particularly given: (1) there is no question that the appeal *was* timely when Thacker first submitted it on July 15, 2016; (2) § DOC 310.13 does not speak directly to what happens to a prisoner's deadline to appeal when the appeal is returned; and (3) Thacker followed the directions he was given in the CCE letter. If anything, it would be unreasonable to infer that Thacker failed to follow the applicable exhaustion procedures on this record.

Defendants' remaining arguments are even more unavailing. Burke argues that Thacker did not raise concerns about Burke's treatment decisions until his appeal, but his inmate complaint specifically complained that Burke was involved in delaying adequate treatment for his torn biceps. McArdle argues that Thacker also failed to exhaust his claim against her, having failed to specifically name her or challenge her decisions about his treatment in his inmate complaint. However, Wisconsin's grievance procedures do not require prisoners to specify individual people by name to adequately exhaust a claim. *See Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (reversing grant of summary judgment

and explaining that an inmate need not provide the names or descriptions of defendants in a grievance). Moreover, Thacker is proceeding on a claim that McArdle was involved in denying him surgery, which is the exact issue he raised in his inmate complaint.

For all of these reasons, defendants Burke and McArdle have failed to meet their burden to show that Thacker failed to exhaust his available administrative remedies, and the court will deny their motions.

II. **Plaintiff Thacker's Motions**

   A. **Motions to Strike Affirmative Defenses (dkt. ##39, 42, 55)**

Thacker asks the court to strike defendants McArdle's, Waterman's, LaBelle's and Burke's affirmative defenses because they include "bare bones conclusory allegations."[1] Except in extraordinary circumstances, motions to strike are generally a pointless exercise for the parties and the court. Here, beyond stating that these defendants' answers included long lists of affirmative defenses without factual underpinnings in support, Thacker in particular provides no reason for the court to strike all of the affirmative defenses. "As the moving party, plaintiff [has] the burden to show 'that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.'" *Pop v. Espeseth, Inc.*, No. 15-cv-486-jdp, 2016 WL 1715206, at *1 (W.D. Wis. Apr. 28, 2016) (quoting *Kaufman v. McCaughtry*, No. 03-cv-27, 2003 WL

---

[1] Defendant Burke recently filed a motion to join defendant McArdle's opposition to plaintiff's motion. (Dkt. #83.) That motion is granted.

23095960, at *1 (W.D. Wis. May 22, 2003)). Since Thacker has not challenged the merit of defendants' individual affirmative defenses, he cannot meet his burden.

Regardless, while defendants do not allege any facts to support their affirmative defenses, and may be guilty of not culling them based on relative merit, they have satisfied the requirements of Federal Rule of Civil Procedure 8 by putting plaintiff on notice of the nature of those defenses. Furthermore, all of defendants' affirmative defenses may be related to Thacker's claims against them. Additionally, a number of defendants' affirmative defenses present questions of law (such as a damages limitation and various immunity doctrines) arising directly out of Thacker's state law claims (comparative negligence, intervening/superseding cause, notice of claim) and/or will depend on facts that Thacker has and, thus, will be the subject of discovery. Accordingly, the court will deny Thacker's motion to strike all of McArdle's, Waterman's, LaBelle's and Burke's affirmative defenses.

### B. Motion for Sanctions (dkt. #85)

Thacker next asks that the court sanction defendants Burke and McArdle for filing frivolous motions in an attempt to deceive the court. However, defendants represent that Thacker failed to provide them with notice of his intent to seek sanctions or an opportunity to cure, both as required by Federal Rule of Civil Procedure 11(c)(2). For that reason alone, Thacker is not entitled to sanctions. Moreover, because the court's analysis above illustrates that defendants' arguments do not demonstrate an attempt to mislead or deceive the court. Accordingly, this motion will be denied.

### C. Motion for Assistance in Recruiting Counsel (dkt. #56)

Finally, the court is denying Thacker's motion for assistance in recruiting counsel. As previously explained, Thacker does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). While the court previously found that Thacker made reasonable efforts to recruit an attorney on his own, his filings still do not suggest that the legal and factual difficulty of this case exceed his abilities, at least at this point.

Instead, Thacker simply repeats his belief that recruitment of counsel is necessary since the case requires him to seek out medical records related to his claims, as well as expert testimony. Nearly all pro se litigants are untrained in the law and many of them are raising issues about medical care. There is no categorical rule that all prisoners challenging the adequacy of their medical care are entitled to counsel. *See Williams v. Swenson,* 747 F. App'x 432, 434 (7th Cir. 2019) (affirming district court's denial of request for counsel in medical care case); *Dobbey v. Carter*, 734 F. App'x 362, 364 (7th Cir. 2018) (same); *Romanelli v. Suliene*, 615 F.3d 847, 853 (7th Cir. 2010) (same). Moreover, the law governing Thacker's claims is well established and was explained to him in the screening order, and at this point, it is not clear yet whether the case will turn on questions requiring medical expertise. *See Redman v. Doehling,* 751 F. App'x 900, 905 (7th Cir. 2018) ("Redman could litigate his claims himself because they turned on historical facts as opposed to medical evidence"). On the contrary, as the screening order explained, certain facts related

to each defendant's involvement will need to be fleshed out to determine their culpability and the requirements on plaintiff to prove his claims.

As importantly, Thacker has demonstrated the ability to advocate well for himself. If anything, his filings continue to demonstrate that he is capable of litigating this case without the help of an attorney, at least at this stage. Indeed, Thacker continues to litigate this case aggressively, and while he has pursued unsuccessful motions, he is clearly engaged and studying the relevant Federal Rules of Civil Procedure and substantive case law. Accordingly, Thacker's motion will be denied without prejudice to his ability to renew his motion should the legal and factual difficulty of this case ever exceed his ability to litigate it alone.

ORDER

IT IS ORDERED that:

1) Defendant Burke's and defendant McArdle's motions for summary judgment (dkt. ##61, 66) are DENIED.

2) Defendant Burke's motion to join (dkt. #83) is GRANTED.

3) Plaintiff's motions to strike (dkt. ##39, 42, 55) are DENIED.

4) Plaintiff's motion for assistance in recruiting counsel (dkt. #56) is DENIED without prejudice.

5) Plaintiff's motion for sanctions (dkt. #85) is DENIED.

Entered this 28th day of February, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge